UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:22-CR-55 JD |
| FABIAN WRIGHT | |

**OPINION AND ORDER**

The defendant, Fabian Wright, is charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Mr. Wright has moved to dismiss this charge, alleging the statute is unconstitutional in light of the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*. 597 U.S. 1 (2022). (DE 36.) The motion is fully briefed and ripe for adjudication. For the following reasons, the motion is denied.

**A. Legal Standard**

A defendant can move before trial to dismiss an indictment for failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B). A defendant can make such a motion on the basis that the charged offense is based on an unconstitutional statute. *United States v. Posey*, 655 F.Supp.3d 762, 766 (N.D. Ind. 2023) (internal citations omitted). A constitutional challenge to a statute can be brought either as a facial challenge, or an as-applied challenge. Mr. Wright brings both a facial and an as-applied challenge. To succeed on a facial challenge, the moving party must show that the statute is unconstitutional in all applications. *City of L.A. v. Patel*, 576 U.S. 409, 415, 418 (2015). To succeed on an as-applied challenge, the moving party must show it is unconstitutional because of the way it was applied to the particular facts of their case. *See United States v. Phillips*, 645 F.3d 859, 863 (7th Cir. 2011).

**B. Discussion**

This Court has previously considered and rejected a challenge to the constitutionality of § 922(g)(1) based on *Bruen*, and it sees no reason to revisit that conclusion beyond recent developments. *United States v. Rice*, 662 F.Supp.3d 935 (N.D. Ind. 2023). In *Rice*, this Court found that § 922(g)(1) satisfies the *Bruen* test and withstood both facial and as-applied challenges. *Id.* That is, the Court found that the regulation codified at § 922(g)(1) is consistent with the history and tradition of firearm regulation in the United States.[1] *Id.* This conclusion is shared by the overwhelming majority of federal courts to review this question, including a thus far unanimous consensus among the Judges of this District who have confronted the question. *See, e.g.*, *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023) (upholding § 922(g)(1) as constitutional); *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023) (finding *Bruen* did not abrogate 10th Circuit precedent upholding the constitutionality of § 922(g)(1) under the Second Amendment as applied to both violent and non-violent felons); *United States v. Dubois*, No. 22-10829, 2024 WL 927030 (11th Cir. Mar. 5, 2024) (reaching the same conclusion as *Vincent v. Garland*); *United States v. Regalado*, No. 3:23-CR-42, 2023 WL 9054039 (N.D. Ind. Dec. 20, 2023) (Leichty, J.); *United States v. Tribble*, No. 2:22-CR-85, 2023 WL 2455978 (N.D. Ind. Mar. 10, 2023) (Simon, J.); *United States v. Clark*, No. 1:20-CR-49, 2023 WL 2346284 (N.D. Ind. Mar. 2, 2023) (Brady, C.J.).

Since deciding *Rice* last year, the Court has received several requests to reconsider its holding in light of "new" developments in *Bruen* caselaw. The Court has considered each request

---

[1] In the interest of brevity, the Court will not restate the full analysis or the *Bruen* standard here and incorporates by reference the analysis and holding of *Rice*.

2

as they came, reviewed the decisions of its sister courts, and found no basis to revisit the conclusion of *Rice*. *United States v. Young*, No. 2:22-CR-20, 2023 WL 8697936 (N.D. Ind. Dec. 15, 2023) (collecting cases and summarizing their holdings). While the majority of the caselaw offered by Mr. Wright has been considered and declined by the Court before, he does offer one relatively new case in his motion, *United States v. Neal* from the Northern District of Illinois. No. 20-CR-335, 2024 WL 833607 (N.D. Ill. Feb. 7, 2024). However, the Court has recently issued an order denying a *Bruen* challenge to § 922(g)(1) which cited to *Neal*. In denying that motion the Court explained why it did not find *Neal* persuasive authority to revisit the conclusion in *Rice*. *United States v. Williams*, No. 2:23-CR-59, DE 27 (N.D. Ind. April 9, 2024). Consequently, the Court will stand by its recent decision in *Williams* and not belabor the point by restating the full analysis here.

### C. Conclusion

Accordingly, Mr. Wright's motion to dismiss the indictment is DENIED. (DE 36.)

SO ORDERED.

ENTERED: April 9, 2024

                                             /s/ JON E. DEGUILIO  
                                             Judge  
                                             United States District Court